# Fuller *v.* Wade, Appellant.

*Affidavit of defense—Warranty of horse—Promissory notes—Practice, C. P.*

In an action upon promissory notes given for the purchase of a horse, an affidavit of defense is insufficient, which sets up a breach of a guaranty to the effect that if the horse should not prove as guaranteed he should be replaced "with another horse of the same breed and price, upon delivery to me of the above named horse in as sound and good condition as he is at the present, or to return the notes given for him," without any averment that the horse sold had ever been delivered or offered to be delivered to the vendor after discovery that it was not what it had been represented to be.

Argued April 22, 1912. Appeal, No. 128, Jan. T., 1912, by defendants, from order of C. P. Crawford Co., Nov. T., 1908, No. 54, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Ira C. Fuller v. George C. Wade, et al. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on promissory notes. Before WILLIAMS, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Otto Kohler,* for appellants.

*Manley O. Brown,* for appellee.

PER CURIAM, May 13, 1912:

This action was upon three promissory notes given by the appellants to Russel Iams for the purchase of a

horse.   The affidavit of defense would be insufficient
even if Iams were the plaintiff, and it is, therefore, im-
material that the appellee may not be a holder for value
without notice.   The defense set up by the appellants
is a breach of a written guaranty given to them by Iams.
A copy of the same is appended to the affidavit of de-
fense, and the following is the clause upon which the
appellants rely:  "In case he (the horse) should not
prove so, I agree either to replace him with another
horse of the same breed and price, upon delivery to me
of the above named horse in as sound and good condi-
tion as he is at present, or to return the notes given
for him."  This guaranty was a conditional one, and im-
posed upon the appellants the duty of complying with
its conditions before they could aver a breach by Iams.
There is no averment in the affidavit of defense that
they, or any one of them, ever delivered, or offered to
deliver, the horse to Iams, or to any one for him, after
their discovery that the animal was not what he had
been represented to be.   The affidavit does not even
aver that Iams was ever notified of the failure of his
guaranty.   In the absence of any averment of compli-
ance by the appellants with the conditions of the guar-
anty upon which they would now stand, they have no
right to have their notes returned, and their liability
upon them continues.   This was the correct conclusion
of the court below, and the judgment is, therefore, af-
firmed.